NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-791

STATE OF LOUISIANA

VERSUS

CHRISTOPHER SHANE BENOIT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 10613-13
HONORABLE GUY BRADBERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

VACATED AND REMANDED FOR RESENTENCING.

John F. DeRosier
District Attorney
14th Judicial District Court
Carla S. Sigler
Assistant District Attorney
Elizabeth B. Hollins
Assistant District Attorney
901 Lakeshore Drive, Suite 800
Lake Charles, LA 70601
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Annette Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR DEFENDANT/APPELLANT:
    Christopher Shane Benoit

**SAUNDERS, J.**

**FACTS AND PROCEDURAL HISTORY:**

On April 4, 2013, Defendant, Christopher Shane Benoit, was charged by grand jury indictment with seventeen counts of aggravated incest, violations of La.R.S. 14:78.1, and with two counts of aggravated rape, violations of La.R.S. 14:42. Defendant pled not guilty to the charges on April 29, 2013. On October 7, 2014, two of the aggravated incest counts were reduced to indecent behavior with a juvenile, violations of La.R.S. 14:81. On that same date, Defendant pled guilty to the two amended counts of indecent behavior with a juvenile and to one count of aggravated incest. Pursuant to Defendant's plea, the State nolle prossed the remaining charges.

On January 20, 2015, the trial court sentenced Defendant to twenty years for aggravated incest and to seven years "on the other two counts." It appears the trial court imposed the seven years on each of the remaining two counts since it was ordered those sentences to run consecutively. It also appears the trial court ordered all sentences to run consecutively since it stated the sentence was "34 years."

On May 10, 2016, Defendant filed a pro se out-of-time brief. On July 14, 2016, the State notified the trial court by letter that it had no objection to Defendant receiving an out-of-time appeal. On July 18, 2016, the trial court granted Defendant an out-of-time appeal. Defendant has filed a brief in this court alleging three assignments of error. As alleged in assignment of error number one, Defendant received an indeterminate sentence, and the case must be remanded for resentencing. Since the other two assignments of error allege errors as to the sentences imposed, those assignments are moot.

**ASSIGNMENTS OF ERROR:**

1) The three sentences imposed upon Defendant are indeterminate as the trial court failed to specify whether the sentences were to be served with or without hard labor.

2) The sentences imposed by the sentencing judge – a twenty year sentence and two seven year sentences, to be served consecutively – violate the Eighth Amendment of the Constitution of the United States and La. Constit. Art. I, § 20 and are nothing more than the needless infliction of pain and suffering.

3) Appellant received assistance of counsel below that guaranteed by the Sixth Amendment during the sentencing phase as counsel failed to: 1) object to the sentencing judge's failure to set forth sufficient consideration of the La. Code Crim. P. art. 894.1 factors, both aggravating and mitigating, in arriving at the sentences imposed in the case; 2) counsel failed to object to the sentences on the basis that they were both indeterminate and excessive; and 3) counsel failed to file a motion to reconsider the sentences to preserve for appellate review the issues of the sentencing judge's failure to comply with La. Code Crim. P. art. 894.1 and the excessiveness of the sentences.

**DISCUSSION OF THE MERITS:**

*Assignment of Error Number One*:

After a review of the record, we find there is an error patent concerning Defendant's sentences that require they be vacated. This error is also assigned as error in assignment of error number one.

We find that Defendant's sentences are indeterminate and must be vacated. The provisions of La.R.S. 14:78.1 and 14:81 under which Defendant was sentenced carry a sentence of imprisonment with or without hard labor. Although the court minutes of sentencing and the commitment order state Defendant's

sentences are to be served at hard labor, the transcript of the sentencing hearing reflects the court imposed a sentence of twenty years for aggravated incest and seven years on the other two counts, without any mention of whether the sentences were to be served with or without hard labor. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Because the sentencing transcript does not indicate whether the sentences are to be served with or without hard labor, we find the three sentences must be vacated and the case remanded for resentencing with the trial court being instructed to specify whether the sentences are to be served with or without hard labor. *See State v. Newton*, 12-541 (La.App. 3 Cir. 2/13/13), 129 So.3d 25. Further, we note that Defendant has assigned this issue as error, and the State concedes the case should be remanded for imposition of determinate sentences.

*Assignments of Error Numbers Two and Three:*

Both of these assignments allege errors as to the sentences imposed. In assignment of error number two, Defendant contends the sentences imposed are unconstitutionally excessive. In assignment of error number three, Defendant contends he received ineffective assistance of counsel by his counsel's failure to object to the trial court's lack of consideration of the aggravating and mitigating factors listed in La.Code Crim.P. art. 894.1, his counsel's failure to object to the indeterminacy and excessiveness of the sentences imposed, and his counsel's failure to file a motion to reconsider sentence. We find these assignments of error are moot based on our decision to vacate and remand the sentences because of their indeterminacy. *See State v. Washburn*, 16-355 (La.App. 3 Cir. 11/2/16). 206 So.3d 1143.

**DISPOSITION:**

Defendant, Christopher Shane Benoit, raised three assignments of error. For the foregoing reasons, we find Defendant's sentences must be remanded for resentencing with the trial court being instructed to specify whether Defendant's sentences are to be served with or without hard labor.

**VACATED AND REMANDED FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.

4